

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-4-2009

# USA v. Wendy Watkins

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2183

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Wendy Watkins" (2009). *2009 Decisions.* Paper 1409.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1409

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2183
_____

UNITED STATES OF AMERICA

v.

WENDY WATKINS,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-cr-00280-001)
District Judge: Honorable Alan N. Bloch
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2009

Before: SCIRICA, *Chief Judge*, SLOVITER and FISHER, *Circuit Judges*.

(Filed: May 4, 2009)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Wendy Watkins appeals from the judgment of sentence imposed by the District

Court, arguing that the District Court abused its discretion by ordering a fine of $1,700.

For the reasons set forth below, we will affirm.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Watkins pleaded guilty to one count of misappropriation of postal funds, in violation of 18 U.S.C. § 1711. The United States Probation Office prepared a presentence investigation report (PSR), in which it assigned Watkins a base offense level of 6 under § 2B1.1(a)(2) of the United States Sentencing Guidelines (U.S.S.G. or Guidelines). After factoring in a two-level enhancement for abusing a position of trust under U.S.S.G. § 3B1.3 and a two-level reduction for accepting responsibility under U.S.S.G. § 3E1.1(a), the Probation Office calculated the total offense level as 6 which, paired with Watkins's criminal history category of I, resulted in a recommended sentencing range under the Guidelines of zero to six months of imprisonment, making Watkins eligible for probation.

The Probation Office also indicated in the PSR that the Guidelines called for the imposition of a fine between $500 and $5,000. *See* U.S.S.G. § 5E1.2(c)(3). But the Probation Office reported that Watkins earned $435 per month from a part-time job and that her husband earned a monthly salary of $1,950 and, after taking into account the couples' living expenses, concluded that Watkins apparently did not have the ability to pay a fine within the recommended Guidelines range.

Watkins argued that the abuse-of-trust enhancement was inapplicable and the District Court, in its tentative findings and rulings, agreed with Watkins and therefore reduced the total offense level to 4. While the recommended Guidelines range remained zero to six months of imprisonment, this modification to the base offense level reduced the recommended fine range to $250 to $5,000 under U.S.S.G. § 5E1.2(c)(3), and the District Court indicated in its tentative findings and rulings that Watkins was "subject to a fine" within that range, "subject to her ability to pay." The District Court also tentatively ruled that Watkins was subject to pay restitution.

At the sentencing hearing, the District Court adopted its tentative findings and rulings and sentenced Watkins to two years of probation and ordered her, inter alia, to pay a within-Guidelines fine of $1,700 in monthly installments of $100. The District Court indicated that Watkins should begin to make the payments once restitution was satisfied, but noted that, given Watkins's financial situation, she was not required to pay interest on the fine. Watkins's counsel objected, pointing out that the Probation Office indicated in the PSR that Watkins did not have the ability to pay a fine. The District Court disagreed, explaining that based on Watkins's part-time job earnings of approximately $400 per month, she had the ability to make the $100 monthly payments.

Watkins timely appealed from the judgment of sentence, challenging only the District Court's decision to impose a fine.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review the reasonableness of a district court's sentence under an abuse-of-discretion standard. *United States v. Kennedy*, 554 F.3d 415, 418 (3d Cir. 2009). Our review is plenary with respect to the legal sufficiency of a district court's factual findings concerning a defendant's ability to pay a fine and, where those findings are legally sufficient, we review the district court's factual determination whether the defendant has the ability to pay a fine for clear error. *United States v. Kadonsky*, 242 F.3d 516, 518 (3d Cir. 2001); *cf. United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc) (stating that we will "review factual findings relevant to the Guidelines for clear error").

## III.

Watkins contends on appeal that the $1,700 fine is unreasonable and that the District Court abused its discretion by ordering her to pay it. Specifically, she asserts that after she objected to the fine and referenced the PSR in support of her argument at the sentencing hearing, the District Court was required to make findings regarding her ability to pay the fine, but failed to do so. She also argues that the District Court "misapplied" several of the sentencing factors under 18 U.S.C. § 3553(a), including her history and characteristics, the nature and circumstances of her offense, and the kinds of sentences available. Having reviewed the record, we disagree.

4

The Guidelines advise a district court to "impose a fine in all cases, except where the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). A defendant seeking to avoid paying a fine "has the burden of coming forward with evidence from which the [district court] could find it more likely than not that any fine would remain unpaid." *Kadonsky*, 242 F.3d at 520. Once the defendant puts forth such evidence, the district court "may not impose a fine without making findings concerning the defendant's ability to pay it." *Id.* "The burden of persuasion is on the defendant to show that an inability to pay will be more likely than not." *Id.*; *accord United States v. Torres*, 209 F.3d 308, 312 (3d Cir. 2000) ("The defendant has the burden of proving his or her inability to pay."). In determining whether to impose a fine, as well as the amount and payment method of any fine, a district court is to consider various factors in addition to those listed in § 3553(a), including the defendant's financial situation and earning capacity, the burden of the fine on the defendant and other dependents relative to alternative punishments, any pecuniary loss caused by the offense, any restitution due, and the expected governmental costs of the sentence. 18 U.S.C. § 3572(a); U.S.S.G. § 5E1.2(d); *see Torres*, 209 F.3d at 313 (stating that the "sentencing court must consider an array of factors" under U.S.S.G. § 5E1.2(d) and 18 U.S.C. §§ 3572(a) and 3553(a)).

The Government acknowledges that because Watkins referenced the PSR in support of her argument, the District Court was obligated to make factual findings as to

5

her ability to pay. *See Kadonsky*, 242 F.3d at 520 ("The defendant may meet that burden [of coming forward with evidence] by an independent showing or by reference to the PSR." (internal quotation marks omitted)). The Government argues, however, that the District Court did in fact make adequate factual findings and, accordingly, did not clearly err in determining that Watkins failed to satisfy her burden of showing an inability to make monthly installment payments of $100.

We agree with the Government. It is well-established that a district court need not make findings regarding every factor involved in its sentencing decision so long as the record is sufficient to show the district court took the relevant factors into account. *See United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). Indeed, where a district court creates "enough of a factual record that it is clear that it considered a defendant's ability to pay [a fine], its findings may be deemed adequate." *United States v. Seale*, 20 F.3d 1279, 1284 (3d Cir. 1994); *see also United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009) (stating that a district court, in deciding whether to impose a fine, is not required to state every factor under §§ 3553(a) and 3572(a)); *Torres*, 209 F.3d at 313 (stating that the district court must create a factual record "such that it can be said that the [district court] considered the issue" of a defendant's ability to pay a fine).

Contrary to Watkins's assertion, the record here demonstrates that the District Court, after considering her financial situation, made adequate factual findings and decided in its discretion that she was capable of paying the within-Guidelines fine by

6

means of the fashioned installment plan. Specifically, the District Court stated that it considered the § 3553(a) factors and, in response to Watkins's objection to the fine, found that she had the ability to pay the fine by monthly installments of $100, waiving any interest on that fine. *See* 18 U.S.C. § 3572(d)(1) (stating that where a court orders a fine, payment must be made immediately "unless, in the interest of justice, the court provides for payment on a date certain or in installments"). It confirmed that she earned approximately $400 per month at her part-time job and found that she was capable of contributing a portion of that income toward satisfying the within-Guidelines fine. *See Seale*, 20 F.3d at 1284 (concluding that a district court may rely on a defendant's future earning capacity in considering whether a fine is appropriate); *see also* § 3572(a)(1) (stating that a court is to consider the "defendant's income, earning capacity, and financial resources" in determining whether to impose a fine); U.S.S.G. § 5E1.2(d)(2) (directing the court to consider a "defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his [or her] earning capacity and financial resources").

The District Court also determined that Watkins would be able to pay exclusively from her own earnings and ultimately determined that a fine was justified here given her offense and the governmental costs. *See* § 3572(a)(2), (a)(6) (stating that a court is to consider the factors under § 3553(a), including the nature of the offense, and "the expected costs to the government" as well as the burden on "any person who is financially

7

dependent on the defendant"); U.S.S.G. § 5E1.2(d)(1), (d)(3), (d)(7) (same). Moreover, in imposing the sentence, it made findings regarding the restitution owed and waived any interest on the restitution after taking into account Watkins's financial condition. *See* § 3572(a)(4) (stating that a court is to consider "whether restitution is ordered or made and the amount of such restitution"); U.S.S.G. § 5E1.2(d)(4) (same). And while we acknowledge Watkins's financial difficulties, we cannot say that the District Court's factual findings as to her ability to pay a no-interest fine on this installment plan were clearly erroneous under the circumstances of this case.

We also reject Watkins's argument that the District Court "misapplied" several of the § 3553(a) factors. Watkins's within-Guidelines sentence, which involved a term of probation along with the fine, readily "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

IV.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

8