**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10287 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00422-CRB-3 |
| v. | |
| DORIS AKUYOMA ANYANWU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10299 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00422-CRB-1 |
| v. | |
| HYACINTH UDEH, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted June 13, 2012
San Francisco, California

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:      HUG, RAWLINSON, and IKUTA, Circuit Judges.

Doris Anyanwu and Hyacinth Udeh appeal convictions resulting from their involvement in a mortgage fraud scheme. Anyanwu also appeals the fine imposed on her at sentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Both Anyanwu and Udeh argue that there was no evidence of deliberate ignorance and that the district court therefore erred when it provided the jury with a deliberate ignorance instruction. The district court did not abuse its discretion when it provided the instruction because the jury rationally could have found that both Anyanwu and Udeh were deliberately ignorant even if it rejected the government's evidence of actual knowledge.[2] *See United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc).

Anyanwu contends that the deliberate ignorance jury instruction improperly shifted the burden of proof to her by requiring her to disprove deliberate ignorance,

---

[1]Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

[2]Anyanwu makes a very conclusory argument that there was insufficient evidence to prove the element of knowledge for each of her convictions. Examining the evidence in the light most favorable to the government, *see United States v. Freter*, 31 F.3d 783, 785 (9th Cir. 1994), we hold that there was sufficient evidence of knowledge for all the counts requiring knowledge.

and she further contends that this alleged error constituted a due process violation. The deliberate ignorance instruction did not shift the burden of proof to Anyanwu. It merely clarified the circumstances under which the jury was not permitted to find deliberate ignorance. Such an instruction is permissible. *See, e.g., id.* at 917, 920.

Anyanwu argues that, in response to a question from the jury, the district court provided a legally incorrect supplemental jury instruction for the charges of making false claims of citizenship in violation of 18 U.S.C. § 911. If a jury requests clarification on an issue, the district court is obligated to clear away the confusion with accuracy. *United States v. McIver*, 186 F.3d 1119, 1130 (9th Cir. 1999). Anyanwu contends that the district court's supplemental instruction improperly stated the elements of § 911 because it twisted the plain statutory meaning of the word "directly" to mean "indirectly." This argument lacks merit because the statutory language does not include the word "directly." *See* 18 U.S.C. § 911. The district court's instruction is consistent with § 911 and our case law. *See id.*; *Chow Bing Kew v. United States*, 248 F.2d 466, 469-71 (9th Cir. 1957). In addition, the district court properly understood that the jury was confused about whether the law required the defendant herself to physically check the box stating that she was a United States citizen, and the court accurately informed the jury that

she was not required to do so. *See Chow Bing Kew*, 248 F.2d at 469-71; *cf. United States v. Bellucci*, 995 F.2d 157, 159 (9th Cir. 1993); *United States v. Olano*, 934 F.2d 1425, 1435-36 (9th Cir. 1991), *rev'd on other grounds*, 507 U.S. 725 (1993). Moreover, the district court properly instructed the jury on the requisite mens rea element, instructing the jury that the government was required to prove that the defendant made the false representation wilfully. *See* 18 U.S.C. § 911; *United States v. Karaouni*, 379 F.3d 1139, 1142 (9th Cir. 2004). The supplemental jury instruction did not change this "wilfully" instruction.

Anyanwu next argues that the district court violated the Sixth Amendment's Confrontation Clause by refusing to permit her attorney to conduct a full cross-examination of one of the special agents during the government's case-in-chief and requiring instead that Anyanwu's counsel recall the witness and examine her during the defendants' case-in-chief. We reject this argument because a limitation on cross-examination does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant. *See United States v. Bensimon*, 172 F.3d 1121, 1128 (9th Cir. 1999). The district court's ruling here neither limited relevant testimony nor prejudiced Anyanwu; the court merely determined *when* Anyanwu was permitted to elicit the testimony.

Both Anyanwu and Udeh contend that the district court should have dismissed the indictment based on a presumption of vindictiveness because they were indicted in the instant case after Anyanwu exercised her rights to trial and appeal in a previous case involving different conduct and different charges. We reject this contention because such routine procedural actions are not sufficient to warrant a presumption of vindictiveness, especially because the investigation in the instant case did not begin until after Anyanwu was indicted in the previous case and because that investigation was still ongoing during the prosecution of the previous case. *See United States v. Goodwin*, 457 U.S. 368, 373, 381-83 (1982); *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168-71 (9th Cir. 1982).

Anyanwu argues that the $75,000 fine imposed on her at sentencing is unreasonable because she is unable to pay the fine. Given the evidence of Anyanwu's assets and her failure to provide requested financial documentation to the Probation Office, the district court did not clearly err by holding that Anyanwu failed to meet her burden of proving that she was unable to pay the fine. *See* U.S.S.G. § 5E1.2(a); *United States v. Orlando,* 553 F.3d 1235, 1239-40 (9th Cir. 2009). Moreover, the $75,000 fine was not unreasonable. *See Orlando,* 553 F.3d at 1239-40.

Finally, when the district court imposed the fine, it provided an explanation that was sufficient to permit meaningful appellate review. *See id.* at 1239; *United States  v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**