FILED

**NOT FOR PUBLICATION**

OCT 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50006 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01160-SVW |
| v. | |
| JAMES RIVERA, a.k.a. All Mighty Wind Co., a.k.a. Marion Villarreal Anguiano, a.k.a., Apostles Inc., a.k.a. I Really Wish I Had That, a.k.a. James Quinn, a.k.a. Armando James River, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted October 15, 2013[**]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

James Rivera appeals from the district court's judgment and challenges the

12-year sentence imposed following his jury-trial conviction for mail fraud, in

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rivera contends that the district court procedurally erred by failing to explain the sentence imposed in light of his nonfrivolous arguments, and by failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors, including the need to avoid unwarranted sentencing disparities. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court explained the sentence sufficiently to permit appellate review; adequately considered Rivera's arguments, including his policy arguments; adequately considered the 3553(a) sentencing factors; and did not otherwise procedurally err. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Rivera next contends that his sentence is substantively unreasonable because it is greater than necessary to satisfy the goals of sentencing. The district court did not abuse its discretion by imposing an upward variance to account for Rivera's characteristics, history of fraud offenses, and the circumstances of the offense. *See United States v. Orlando*, 553 F.3d 1235, 1239 (9th Cir. 2009). Rivera's sentence is substantively reasonable in light of the totality of the circumstances and the section 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**