**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CARL ORLANDO,
*Defendant-Appellant.*

No. 07-50473

D.C. No.
CR-06-00308-AHM-
001

OPINION

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted December 9, 2008*
Pasadena, California

Filed January 23, 2009

Before: Jerome Farris and Kim McLane Wardlaw,
Circuit Judges, and William W Schwarzer,** District Judge.

Opinion by Judge Farris

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

## COUNSEL

Sean K. Kennedy, Federal Public Defender; Jonathan D. Libby, Deputy Federal Public Defender, Los Angeles, California, for the appellant.

Thomas P. O'Brien, United States Attorney; Sandra R. Brown, Assistant United States Attorney, Chief, Tax Division; Robert F. Conte, Assistant United States Attorney, Los Angeles, California, for the appellee.

## OPINION

FARRIS, Senior Circuit Judge:

Carl Orlando appeals his 40 month sentence and $30,000 fine following his guilty plea to one count of tax evasion. We affirm the sentence but amend the written judgment to reflect the $30,000 fine imposed at oral sentencing.

*I.   The Rule 32(h) notice requirement does not apply.*

Under *United States v. Irizarry*, ___ U.S. ___, 2008, 128 S. Ct. 2198 (2008), Orlando's 40-month sentence was not a "departure" from the 27-33 month range specified by the sen-

tencing guidelines, but a "variance." The notice requirement in Fed. R. Crim. P. 32(h) does not apply.

*II.   The district court did not abuse its discretion by failing to grant a continuance before announcing the variance.*

A district court's grant or denial of a continuance is reviewed for abuse of discretion even where, as here, no motion for continuance was made. *United States v. Moreland*, 509 F.3d 1201, 1211 (9th Cir. 2007).

**[1]** Relying on language in *Irizarry*, Orlando argues that the court should have granted a continuance sua sponte. *Irizarry* suggests that in the unusual instance where the factual basis for a variance comes as a surprise, "[t]he . . . appropriate response to such a problem is . . . for a district judge to consider granting a continuance when a party has a legitimate basis for claiming that the surprise was prejudicial." *Irizarry*, 128 S. Ct. at 2203. However, the majority also indicated that "in most cases" requiring advance notice of a contemplated variance "may create unnecessary delay" by forcing a continuance even though the content of notice "would not affect the parties' presentation of argument and evidence." *Id. Irizarry* established that a sentencing court abuses its discretion when it imposes an upward variance 1) based on facts that amount to a prejudicial surprise; 2) without considering a continuance; 3) where advance notice might have affected the parties' presentations of evidence. Orlando fails on all three elements.

**[2]** Orlando's sentence may have been a surprise, but the factual basis for it was not. As *Irizarry* explains, "[g]arden variety considerations of culpability, criminal history, likelihood of re-offense, seriousness of the crime, [etc.] . . . should not generally come as a surprise to trial lawyers who have prepared for sentencing." *Id.* (quoting *United States v. Vega-Santiago*, 519 F.3d 1, 5 (1st Cir. 2008)). The district court relied upon these types of "garden variety considerations": the

defendant's long pattern of criminal history, the fact that he committed the current offense while on supervised release from previous custody, his disrespect for the law, the seriousness of his crime, the need to protect the public, and the valuable deterrent effect of a stiff tax evasion sentence.

**[3]** The record also indicates that the district court considered and rejected the possibility of delaying sentencing. Further, Orlando does not explain how a continuance would have affected his presentation of evidence, except by giving counsel "an opportunity to prepare for and address the court's concerns." Since a reasonably prepared lawyer would already have been equipped to address the court's "garden variety" sentencing concerns, there is no merit to the argument.

*III.    The 40-month sentence is not unreasonable under 18 U.S.C. § 3553.*

The substantive reasonableness of a sentence, whether within the advisory guidelines or not, is reviewed for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 594 (2007); *United States v. Booker*, 543 U.S. 220, 260-62 (2005). "This review requires deference to the district court's decision, and should not resemble a de novo review." *United States v. Cherer*, 513 F.3d 1150, 1159-60 (9th Cir. 2008).

"[A] sentence outside the Guidelines carries no presumption of unreasonableness." *Irizarry*, 128 S. Ct. at 2202. "Any expectation . . . that a criminal defendant will receive a sentence within the presumptively applicable Guidelines range did not survive . . . *United States v. Booker*, [ ] which invalidated mandatory features of the Guidelines." *Id.*

**[4]** Rather, the court "take[s] into account the totality of the circumstances" to determine whether the sentence is reasonable. *Gall*, 128 S. Ct. at 597. To that end, the appellate court "may consider the extent of the deviation [from the Guidelines], but must give due deference to the district court's deci-

sion that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*[1] A district court's discretion under the § 3553(a) factors is quite broad. *See United States v. Sylvester Norman Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir. 2006) (explaining that consideration of § 3553(a) factors "does not necessitate a specific articulation of each factor separately"); *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006) ("[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors"). The court has broad power to make a reasoned decision on the individualized facts before it. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007).

In alleging that the sentence is unreasonable, Orlando claims that the court 1) relied on Orlando's criminal history even though this history was already incorporated in the advisory Guidelines range; 2) sought deterrence greater than that suggested by the Guidelines; and 3) ignored Orlando's three-level reduction for substantial assistance under 8 U.S.S.G. § 5K1.1 when it imposed a sentence.

**[5]** Orlando misunderstands the non-mandatory nature of the Sentencing Guidelines. *See Booker*, 543 U.S. at 261. Although Orlando's range incorporated his criminal history, the court found that the range sufficiently captured neither the deceit and deviousness of that history nor Orlando's need to learn respect for the law. These conclusions were reasonable, given Orlando's history of involvement in complex fraud schemes, and were within the court's authority under the

---

[1]Section 3553(a) lists the seven factors that a court must consider in imposing a sentence. These factors include (1) the general nature and circumstances of the crime and defendant; (2) the usefulness of the sentence (A) to promote respect for the law, (B) to deter, (C) to protect the public, or (D) to rehabilitate the defendant; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements; (6) the need to avoid sentence disparities between similarly situated defendants; and (7) any need for restitution. 18 U.S.C. § 3553(a).

§ 3553(a) factors. The court similarly found that the range failed to capture tax crimes' particular sensitivity to deterrence. This was also reasonable, and was likewise within the court's authority under the § 3553(a) factors. Orlando is correct that pertinent policy statements express the appropriateness of imposing lower sentences for those defendants who substantially assist authorities in bringing other criminals to justice. *See* 28 U.S.C. § 994(n); U.S.S.G. § 5K1.1. However, a sentence at variance with the Guidelines is not itself evidence of the court's failure to consider Orlando's substantial assistance. The district court accepted the downward departure for substantial assistance under U.S.S.G. § 5K1.1, which was reflected in the reduced advisory Guidelines. It was the district court's prerogative to impose a sentence based on the totality of the circumstances. *Gall*, 128 S. Ct. at 597. The court's conclusions were reasonable, substantiated by the record, and evaluated with careful reference to the § 3553(a) factors. *Id.*; *Rita*, 127 S. Ct. at 2468. The 40-month sentence was not unreasonable.

*IV.    The $30,000 fine was not unreasonable under 18 U.S.C. §§ 3553 and 3572.*

Orlando claims that the $30,000 fine, which was the maximum recommended by applicable sentencing Guidelines, was unreasonable because Orlando is indigent and has no ability to pay any fine, or alternatively, because the court provided inadequate explanation for the fine.

**[6]** Under the advisory Guidelines, a court may impose a fine "in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a); *see also* 18 U.S.C. § 3571. The district court must consult the Guidelines' recommendation, the § 3553(a) factors, and the 18 U.S.C. § 3572(a) factors to determine the appropriateness of the imposition of a fine and its amount. *See United States v. Eureka Labs., Inc.*, 103 F.3d 908, 913-14 (9th Cir. 1996). "[T]he district court must explain

[its decision] sufficiently to permit meaningful appellate review." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). We review for reasonableness, *see id.* at 994, the district court's decision to impose the fine and the determination of the amount. *See, e.g., United States v. LaGrou Distrib. Sys., Inc.*, 466 F.3d 585, 594 (7th Cir. 2006).

**[7]** A district court's finding of whether a defendant is able to pay the fine is reviewed for clear error. *United States v. Brickey*, 289 F.3d 1144, 1152 (9th Cir. 2002). The defendant bears the burden of proving he is unable to pay the fine. *Id.* If the defendant so proves, then a fine may be inappropriate. U.S.S.G. § 5E1.2(a); *Eureka Labs., Inc.*, 103 F.3d at 913. However, the court may fine a currently indigent defendant, if it finds that he has earning capacity to pay the fine in the future. U.S.S.G. § 5E1.2(d)(2); *United States v. Haggard*, 41 F.3d 1320, 1329 (9th Cir. 1994) (upholding a fine where defendant made no showing of future inability to pay and could earn money while incarcerated); *United States v. Favorito*, 5 F.3d 1338, 1339 (9th Cir. 1993) (upholding a fine where defendant had sufficient earning capacity to pay the fine following his release from prison). In *Brickey*, we upheld a $40,000 fine where a defendant convicted of tax evasion refused to discuss his finances with his probation officer, failed to prove his inability to pay once on supervised release, and possessed marketable skills as a mechanic. *Brickey*, 289 F.3d at 1152-53.

**[8]** The $30,000 fine is reasonable under 18 U.S.C. §§ 3553(a) and 3572(a). A district court need not articulate every factor involved in sentencing. *Sylvester Norman Knows His Gun, III*, 438 F.3d at 918. In this case, the court stated that a fine was particularly appropriate for a tax evasion crime where restitution is not ordered. *See* 18 U.S.C. §§ 3553(a)(7), 3572(a)(4). This explanation was sufficient to permit appellate review.

**[9]** Further, Orlando did not meet his burden of proving that he was incapable of paying a fine. Like the defendant in

*Brickey*, Orlando deliberately refused to disclose finances to his probation officer and possessed marketable employment skills. While he was represented by appointed counsel and maintained that he had no income and was homeless, the district court found that Orlando's claim of indigence was not credible. This finding was supported by Orlando's failure to disclose information to the Probation Office, by the large sums of money involved in his crime, and by his long history of major financial misrepresentation. Even if Orlando did demonstrate that he was currently indigent, the district court had a basis for believing that he would be able to pay the fine in the future. U.S.S.G. § 5E1.2(d)(2). Judging from the size of his unreported income, for instance, Orlando's exceptional skills as a salesman are marketable. The district court's finding of Orlando's ability to pay was not clearly erroneous.

*V.   The written judgment is amended to reflect the $30,000 fine announced at oral sentencing.*

**[10]** At oral sentencing, the district court indicated a fine of $30,000, but the court's subsequent written judgment indicated a fine of $60,000. Where a discrepancy arises between the terms of an oral pronouncement of a sentence and the subsequent written judgment, the terms of the oral pronouncement control. *United States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir. 1988). The government concedes that $30,000 is the correct amount of the fine. We amend the judgment to impose a $30,000 fine.

**AFFIRMED in part; AMENDED in part.**