**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Martin OROSCO–IBARRA,
Defendant—Appellant.**

No. 08–50331.

United States Court of Appeals,
Ninth Circuit.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 16, 2009.*

Filed July 6, 2009.

Aaron B. Clark, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John Charles Ellis, Jr., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Martin Orosco–Ibarra appeals from the $100 fine imposed as part of his sentence following his guilty-plea conviction for illegal entry, in violation of 8 U.S.C. § 1325. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Orosco–Ibarra contends that the district court erred at sentencing by imposing a fine without considering the factors set forth in U.S.S.G. § 5E1.2 and 18 U.S.C. §§ 3553(a) and 3572(a). He also contends that the $100 fine is unreasonable because he established that he does not have either the present or future ability to pay a fine. We conclude that the district court's finding that Orosco–Ibarra will be able to pay the fine is not clearly erroneous, *see United States v. Haggard*, 41 F.3d 1320, 1329 (9th Cir.1994), and that the fine is procedurally and substantively reasonable, *see*

*United States v. Orlando*, 553 F.3d 1235, 1239–40 (9th Cir.2009).

Because we affirm Orosco–Ibarra's sentence, we need not address the government's contention that the appeal waiver in Orosco–Ibarra's plea agreement bars this appeal. *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir.2007) (en banc).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

