**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gilberto PLACENCIA–MEDINA,
Defendant–Appellant.**

**No. 08–50369.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 1, 2009.*

Filed Sept. 14, 2009.

Victor Pablo White, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Robert Russell Henssler, Jr., Esquire, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, GOULD, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Gilberto Placencia–Medina appeals his sentence for attempted entry after removal. 8 U.S.C. § 1326(a). We affirm.

The district court did not err when it considered the nature and similarity of Placencia's prior convictions in deciding to impose a six-month variance from the sentence range under the United States Sentencing Guidelines. *See United States v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*Orlando,* 553 F.3d 1235, 1239 (9th Cir. 2009); *cf. United States v. Segura–Del Real,* 83 F.3d 275, 277–78 (9th Cir.1996) (court can consider repetitive immigration violations in calculating an upward departure from the Guidelines).

■ Moreover, considering the simplicity of the matter, the district court sufficiently explained its decision to vary from the guideline range. *See* 18 U.S.C. § 3553(c); *United States v. Carty,* 520 F.3d 984, 991–92 (9th Cir.2008) (en banc). Finally, the district court was not required to mouth the so-called parsimony principle when it stated that the sentence it was awarding was reasonable. A reasonable sentence incorporates that principle,[1] and we assume that "district judges know the law."[2]

AFFIRMED.

---

**1.** *See United States v. Crowe,* 563 F.3d 969, 977 n. 16 (9th Cir.2009); *United States v. Vasquez–Landaver,* 527 F.3d 798, 804–05 (9th Cir.2008).

