FILED

JAN 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30374 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-00062-SEH |
| v. | |
| ROBERT LEE WELCH, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Robert Lee Welch appeals from the 72-month sentence imposed following

his guilty-plea conviction for assault resulting in serious bodily injury, in violation

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

NC/Research

of 18 U.S.C. §§ 1153(a) and 113(a)(6).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Welch contends that the district court procedurally erred when it relied on facts unsupported by the record at sentencing.  We review for this contention for plain error, and find none.  *See United States v. Dallman*, 533 F.3d 755, 760-61 (9th Cir. 2008); *see also United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) ("It would be procedural error for a district court...to choose a sentence based on clearly erroneous facts").  Moreover, Welch has not shown that any error affected his substantial rights.  *See Dallman*, 533 F.3d at 762.  Welch also contends that the district court, without notice, erroneously relied upon Welch's "lack of compassion" for his actions without considering his acceptance of responsibility. This contention is unsupported by the record and is without merit.  *See United States v. Orlando*, 553 F.3d 1235, 1237-38 (9th Cir. 2009) (rejecting defendant's argument that additional notice was required for an upward variance where the factual basis for it was not a surprise).

Finally, Welch contends that the sentence above the guidelines range is substantively unreasonable under the factors set forth in 18 U.S.C. § 3553(a).    In

light of the totality of the circumstances, the 72-month sentence is not substantively unreasonable. *See id*. at 1238-39; *Carty*, 520 F.3d at 993.

**AFFIRMED.**