**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30171 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00164-WFN |
| v. | |
| JOSE ANGEL AMAYA-RAMOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Jose Angel Amaya-Ramos appeals from the 77-month sentence imposed

following his guilty-plea conviction for being an alien in the United States after

deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amaya-Ramos contends that the district court committed procedural error by rejecting without adequate explanation his argument in favor of leniency. The district court did not err, as it listened to Amaya-Ramos's mitigation arguments, and then imposed a within-Guidelines sentence based on the 18 U.S.C. § 3553(a) factors. *See United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008).

Amaya-Ramos also argues that his sentence is substantively unreasonable. He contends that the 16-level prior conviction sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A) is per se unreasonable and resulted in an unreasonable sentence in this case.

Amaya-Ramos's argument that the 16-level sentencing enhancement is per se unreasonable fails. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054 (9th Cir. 2009); *see also United States v. Barsumyan*, 517 F.3d 1154, 1159 (9th Cir. 2008) (policy-based argument against the Guidelines must be asserted on the ground that its operation in a particular case results in a sentence that is unreasonable under § 3553(a)).

In light of the totality of the circumstances and the § 3553(a) factors, the sentence in this case is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**