

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50138 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-2701-LAB |
| v. | |
| EDUARDO MUNOZ-CAMARENA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 11, 2011[**]
Pasadena, California

Before: CALLAHAN and FERNANDEZ, Circuit Judges, and TIMLIN, Senior
District Judge.[***]

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without
oral argument.  Fed. R. App. P. 34(a)(2).

[***]The Honorable Robert J. Timlin, Senior Judge, United States District
Court for the Central District of California, sitting by designation.

Defendant-Appellant Eduardo Munoz-Camarena ("Appellant") appeals his sentence for attempted entry after removal. Appellant makes four contentions that the district court committed significant procedural error in resentencing on remand. We review purported procedural error for abuse of discretion. *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010), *cert. denied*, __ S. Ct. ___, 2011 WL 4532051 (Oct. 3, 2011). We affirm.

First, Appellant urges that the district court erred by varying upward from the Guidelines sentencing range without sufficient explanation. The record reveals that the district court permissibly based the upward variance on the nature and similarity of Appellant's prior immigration convictions. *See United States v. Orlando*, 553 F.3d 1235, 1239 (9th Cir. 2009); *cf. United States v. Segura-Del Real*, 83 F.3d 275, 277-78 (9th Cir. 1996) (district court may consider repetitive immigration violations in calculating upward departure from the Guidelines). The district court's explanation for imposing an above-Guidelines sentence was sufficient. *See United States v. Hilgers*, 560 F.3d 944, 947 (9th Cir. 2009).

Second, Appellant contends that the district court failed to adequately explain its reasons for the extent of its chosen upward variance. In explaining the upward variance, the district court was especially cognizant that it needed to "up the ante" sufficiently from Appellant's previous sentences to ensure adequate

2

deterrence from future recidivism. The district court's explanation of the extent of the variance was sufficient.

Third, Appellant argues that the district court failed to give "respectful consideration" to the Guidelines. The district court gave sufficient consideration to the Guidelines, as reflected by the fact that it calculated the correct Guidelines range, stated that the Guidelines range was the starting point of its analysis, stated that it was giving the Guidelines respectful consideration, and mentioned the Guidelines several times during the sentencing. *See United States v. Autery*, 555 F.3d 864, 873 (9th Cir. 2009).[1]

Fourth, Appellant posits that the district court improperly considered the custodial exposure faced by Appellant for violating the terms and conditions of his supervised release. We are not persuaded that custodial exposure for a related supervised release violation is beyond the scope of information that a district court may consider in its broad sentencing discretion. *See Pepper v. United States*, __ U.S. ___, 131 S.Ct. 1229, 1240 (2011).[2]

---

[1] To the extent Appellant asks us to question the veracity of the district court's statements, we decline that invitation. *See United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc) (notwithstanding some contrary indications in the record, taking the district court at its word regarding the analysis conducted); *see also Hilgers*, 560 F.3d at 946 (same).

[2] To the extent Appellant argues that the district court actually combined the conviction sentencing with the revocation sentencing, the district court expressly

3

**AFFIRMED.**

---

stated on the record that it did not do so and we take it at its word. *See Carty*, 520 F.3d at 994; *see also Hilgers*, 560 F.3d at 946.