**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Aldin Abidan MARTINEZ–AGUSTIN,**
**Defendant–Appellant.**

**No. 11–50489.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 26, 2012.*

Filed July 3, 2012.

David Adam Fox, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph Milchen, Joseph Milchen, A.P.L.C., San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM **

Aldin Abidan Martinez–Agustin appeals from the 18–month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Martinez–Agustin contends that the district court abused its discretion when it imposed an above-Guidelines sentence. He claims that the district court impermissibly punished him for being unable to verify his political asylum claim and gave too much weight to his prior drunk driving convictions. The record reflects that the district court properly considered the 18 U.S.C. § 3553(a) sentencing factors and did not otherwise procedurally err. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc). Moreover, the district court did not abuse its discretion by imposing an upward variance to account for Martinez–Agustin's criminal history, failure to be deterred, and risk of recidivism. *See United States v. Orlando,* 553 F.3d 1235, 1239 (9th Cir.2009). Martinez–Agustin's sentence is substantively reasonable in light of the totality of the circumstances and the section 3553(a) factors.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.