**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADALBERTO RIVERA,

Defendant - Appellant.

No. 11-50097

D.C. No. 3:10-cr-05135-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted June 8, 2012
Pasadena, California

Before: B. FLETCHER and WARDLAW, Circuit Judges, and MENDEZ, District
Judge. [**]

Adalberto Rivera pleaded guilty to bringing in an illegal alien without

presentation and aiding and abetting in violation of 8 U.S.C. § 1324(a)(2)(B)(iii)

and 18 U.S.C. § 2. He appeals from the 48-month sentence of imprisonment

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable John A. Mendez, United States District Judge for the
Eastern District of California, sitting by designation.

imposed by the district court as both procedurally flawed and substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In January 2011, Rivera entered into a plea agreement with the United States in which he agreed to plead guilty to charges against him. Rivera and the United States jointly recommended a sentence of 18 months incarceration. In February 2011, the United States Probation Office disclosed a Presentence Report ("PSR") containing its recommended Guidelines range. The PSR noted that Rivera had been convicted under § 1324 twice before, once in 1998 and once in 2005, and had received sentences of 36 and 30 months of incarceration, respectively. The PSR also applied a two-level enhancement for "intentionally or recklessly creating a substantial risk of death or serious bodily injury" to the transported alien pursuant to U.S.S.G. § 2L1.1(b)(6). Based on the resulting Guidelines range of 24-30 months, it therefore recommended a sentence of 30 months incarceration. The district court adopted the PSR's findings, but after considering at length the 18 U.S.C. § 3553(a) sentencing factors, concluded that 48 months incarceration was the more appropriate sentence.

1. The district court did not abuse its discretion in adopting the PSR's recommendation to increase Rivera's offense level by two pursuant to § 2L1.1(b)(6). The record reflects that the transported alien was pinned for three

2

hours in the bed of a pickup truck beneath a bucket assemblage that had been fitted to his body, rendering him immobile. Heavy tools rested on the alien's body and plastic-wrapped paint rollers covered his face. This method of transport was inherently dangerous because the alien "could not extricate himself." *United States v. Dixon*, 201 F.3d 1223, 1233 (9th Cir. 2000).

2. The district court did not engage in impermissible double-counting when it relied on the manner in which the alien was transported to both enhance the offense level under the Guidelines and impose an upward variance. The court explained why the Guidelines calculation was insufficient to capture Rivera's situation in terms of the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Orlando*, 553 F.3d 1235, 1239 (9th Cir. 2009).

Nor did the district court impermissibly triple-count Rivera's prior alien smuggling convictions when it imposed the upward variance. The court explained that greater deterrence than that offered by the high end of the Guidelines calculation was required in view of the seriousness of the offense, Rivera's recidivism despite his prior sentences of 36 and 30 months, and the need to promote respect for the law. *See id.*

3. Moreover, all of these factors as discussed on the record by the district court judge, sufficiently justified the extent of the variance as well.

3

4. Because there were no procedural errors, and because the district court considered the § 3553(a) factors in making its determination, the sentence imposed was not substantively unreasonable. *See United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) ("The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." ) (internal quotation marks and citation omitted).

While the government's evaluation of the extent of Rivera's assistance to authorities should be given "substantial weight," U.S.S.G. § 5K1.1., cmt. n.3 (1989), the district court was not bound by the government's sentencing recommendation. *See United States v. Hanna*, 49 F.3d 572, 576 (9th Cir. 1995) ("The extent of [the defendant's] assistance and its impact on the sentence are matters left within the sound discretion of the sentencing judge.") (internal quotation marks and citation omitted).

**AFFIRMED.**