**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50447 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 3:16-cr-01035-BEN |
| SANTOS DIAZ-MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Santos Diaz-Martinez appeals from the district court's judgment and challenges the 57-month sentence and $250 fine imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Diaz-Martinez contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 57-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Diaz-Martinez's criminal history and his prior 48-month sentence for the same offense. *See Gall*, 552 U.S. at 51. The below-Guidelines fine is also substantively reasonable in light of Diaz-Martinez's work history. *See United States v. Orlando*, 553 F.3d 1235, 1239-40 (9th Cir. 2009).

To the extent that Diaz-Martinez argues that the court selected the sentence based on "hostility and a lack of objectivity," the record does not support his claim. Rather, the record reflects that the court relied on proper sentencing factors, including the need for deterrence and protection of the public. *See* 18 U.S.C. § 3553(a); *Gall*, 552 U.S. at 51.

**AFFIRMED.**