**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50301 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00713-PSG-1 |
| v. | |
| MONICA FRANCIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted November 5, 2018[**]
Pasadena, California

Before: RAWLINSON and HURWITZ, Circuit Judges, and BOUGH,[***] District Judge.

Monica Francis was convicted after a trial before a magistrate judge of

violating 36 C.F.R. § 261.58(a) by camping for a period longer than that allowed by

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

an order.  The district court affirmed Francis' conviction and the fine imposed by the magistrate judge.  We have jurisdiction of Francis' appeal under 28 U.S.C. § 1291 and affirm.

1.    The forest supervisor's order prohibiting camping for more than thirty days a year was properly posted.  The order was placed in the offices of the forest supervisor and district ranger.  *See* 36 C.F.R. § 261.51(a).  The Forest Service website and signs in the forest where Francis camped "reasonably [brought] the prohibition to the attention of the public."  36 C.F.R. § 261.51(b).

2.    The prohibition of extended camping was valid.  The Secretary of Agriculture was authorized to delegate the power to issue the order to the forest supervisor, *see Inland Empire Pub. Lands Council v. Glickman*, 88 F.3d 697, 702 (9th Cir. 1996) ("[D]elegation generally is permitted where it is not inconsistent with the statute."), and did so.  *See* 36 C.F.R. § 261.50(a) ("[E]ach Forest Supervisor may issue orders which close or restrict the use of described areas within the area over which he has jurisdiction.").  And, because the order expressly stated that it applied "until further notice," there was no need for reissuance when a new forest supervisor was appointed.

3.    The $100 fine imposed by the magistrate judge was reasonable, particularly in light of the extended nature of Francis' camping.  *See United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009) (noting standard of review).

2

**AFFIRMED.**