NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50251 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00459-RGK-1 |
| v. | |
| MICHAEL KIMBREW, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 15, 2019
Pasadena, California

Before: NGUYEN and MILLER, Circuit Judges, and VITALIANO,** District Judge.

Michael Kimbrew appeals his jury-trial convictions and sentence for

attempted extortion by an employee of the United States, in violation of 18 U.S.C.

§ 872, and bribery of a public official, in violation of 18 U.S.C. § 201(b)(2)(A).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.[1]

1.  We decline to consider Kimbrew's claim for ineffective assistance of counsel on direct review. "As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (brackets and citation omitted). We see no reason to depart from that rule here.

2.  The district court did not abuse its discretion in declining to adopt two of the jury instructions proposed by Kimbrew. Kimbrew had requested a "mere preparation" instruction with respect to the attempted extortion count, as well as an instruction elaborating on the definition of "official act" for the bribery count, derived from *McDonnell v. United States*, 136 S. Ct. 2355 (2016). Both instructions were ill-suited to the circumstances of this case.

Kimbrew's proposed "mere preparation" instruction was not an accurate statement of law because of the role of the undercover agent in the case. At no point would the undercover agent "possess[] a reasonable fear of economic harm," so the government would not have been able to show that the crime of extortion would be completed absent interruption. *See United States v. Marsh*, 26 F.3d

---

[1] We address Kimbrew's sufficiency of the evidence challenge to his bribery conviction in a separate opinion filed concurrently with this disposition.

2

1496, 1500–01 (9th Cir. 1994). Nor did the evidence presented at trial support the theory that Kimbrew's conduct might constitute "mere preparation." The boundary line between "mere preparation" and a "substantial step" was not at issue, unlike in a conventional criminal attempt case. The attempt designation served only to eliminate the materiality of the mental state of the person being extorted—who, as an undercover agent, lacked reasonable fear.

Kimbrew's proposed *McDonnell* instruction was similarly inapt. *McDonnell* revolved around the nuanced distinction between providing *access* and providing *influence*, with the latter being actionable and the former not. It did not, however, categorically immunize from liability the act of talking to other public officials. The proposed instruction, divorced from the broader context of *McDonnell*, could mislead jurors into a contrary impression. The instruction also lacked support in the evidence presented at trial. Unlike in *McDonnell*, there was no evidence from which a jury could find that Kimbrew had traded bare access, without accompanying pressure, such that he could be acquitted on that basis.[2]

---

[2] In *McDonnell*, the jury could have credited testimony by McDonnell's aide "that she did not feel pressured by Governor or Mrs. McDonnell to do 'anything other than have the meeting,' and that [the alleged bribe-payer] did not ask anything of her at the meeting." 136 S. Ct. at 2363; *see also id.* at 2374 ("At trial, several of Governor McDonnell's subordinates testified that he asked them to attend a meeting, not that he expected them to do anything other than that. . . . If that testimony reflects what Governor McDonnell agreed to do at the time he accepted the loans and gifts from [the alleged bribe-payer], then he did not agree to make a

3

3.   The district court did not abuse its discretion by replaying for the jury, in chronological order, recordings that had been introduced at trial in non-chronological order.  The district court merely replayed the evidence in the manner requested by the jury, and the general chronology of the recordings already had been admitted into evidence.

4.   Cumulative error also does not warrant reversal.  Kimbrew has shown neither that the district court committed multiple errors, nor that his trial was "fundamentally unfair."  *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007).

5.   The district court did not err in imposing a $4,000 fine at sentencing. The fine was at the lower end of the guidelines range, and the court clearly evaluated Kimbrew's economic circumstances in reaching its decision.  Kimbrew bore the burden of proving that he could not afford to pay a fine, *United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009), but he did not make a convincing showing.  Based on the financial information presented, the nature of the offense, and the surrounding circumstances, neither the imposition of the fine nor its amount was unreasonable.

**AFFIRMED.**

---

decision or take an action on any of the three questions or matters described . . . .").
No parallel evidence was presented in this case.

4