NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30261 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-02022-TOR-1 |
| v. | |
| STEPHEN DUANE BURGESS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted February 9, 2017
Submission Vacated February 22, 2017
Resubmitted August 26, 2022
Seattle, Washington

Before: PAEZ and CALLAHAN, Circuit Judges, and ENGLAND,** District
Judge.

Stephen Duane Burgess challenges his convictions for second-degree

murder under 18 U.S.C. § 1111(a) and the use of a firearm in connection with a

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Morrison C. England, Jr., United States District Judge
for the Eastern District of California, sitting by designation.

crime of violence under 18 U.S.C. § 924(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Burgess first argues that his confession to murder was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Burgess spoke to clergy and law enforcement officers about his involvement in the crime at issue on at least six separate occasions. The district court determined that information obtained from Burgess's second meeting with Wade Stoll, the prison chaplain, should be suppressed under the clergy-penitent privilege as Stoll held himself out as a religious confidant to Burgess. *See Mockaitis v. Harcleroad*, 104 F.3d 1522, 1532 (9th Cir. 1997), *overruled on other grounds by City of Boerne v. Flores*, 521 U.S. 507 (1997) ("The privilege . . . embrac[es] any confession by a penitent to a minister in his capacity as such to obtain such spiritual aid as was sought and held out . . . ." (quotation marks and citation omitted)).

As for the other meetings, even assuming that Burgess was in custody for purposes of triggering the right to *Miranda* warnings, *see* 384 U.S. at 467, his final interview with state detective Ed Levesque on February 10, 2011, rendered any potential *Miranda* violation harmless. Levesque provided Burgess his *Miranda* warnings and obtained a waiver before interviewing him. Although warned statements following an earlier unwarned interview may be suppressed, *see Missouri v. Seibert*, 542 U.S. 600, 616–17 (2004), there was no objective or

2

subjective evidence to "support an inference that the two-step interrogation procedure was used [by Levesque] to undermine the *Miranda* warning." *See United States v. Williams*, 435 F.3d 1148, 1158 (9th Cir. 2006) (citing *Seibert*, 542 U.S. at 617). Because the Levesque interview did not violate *Seibert*, the district court did not err in denying the motion to suppress.

**2.** Burgess also moved to dismiss the indictment based on a Sixth Amendment claim that there was an underrepresentation of Latinos in the grand jury. *See Duren v. Missouri*, 439 U.S. 357, 364 (1979) (establishing test for challenge to jury selection through fair-cross-section requirement). Although Burgess showed the first two prongs of the *Duren* test—that Latinos constitute a "'distinctive' group in the community" and their underrepresentation was statistically significant— Burgess presented insufficient evidence to show "that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *See id*. The district court therefore did not err in denying the motion to dismiss.

**3.** Burgess's third claim is that his conviction under 18 U.S.C. § 924(c)(1)(A) is invalid because 18 U.S.C. § 1111(a) is not categorically a "crime of violence" as defined under either 18 U.S.C. § 924(c)(3)(A) or § 924(c)(3)(B).[1] We vacated

---

[1] Burgess did not raise this claim before the district court, so we would generally review for plain error. *See United States v. Begay,* 934 F.3d 1033, 1047 (9th Cir. 2019), *superseded on other grounds*, 33 F.4th 1081 (9th Cir. 2022) (en banc). Because the question of whether a criminal conviction is a crime of violence is

submission of this case pending the outcomes of two cases, *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *aff'd sub nom. Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Begay*, 934 F.3d 1033, 1038 (9th Cir. 2019). This court, sitting en banc, recently decided this issue in the government's favor. *United States v. Begay*, 33 F.4th 1081, 1093 (9th Cir. 2022). We therefore must affirm Burgess's 18 U.S.C. § 924(c)(3)(A)(iii) conviction.

**4.** Finally, we deny Burgess's claim that his sentence is substantively unreasonable. Burgess was sentenced to a total term of imprisonment of 384 months, which fell below the advisory guideline range of 412–485 months. The district court took into account Burgess's confession as well as the severity of his crime, his criminal history, and his family. We cannot conclude that the district court abused its discretion in sentencing Burgess below the guidelines. *United States v. Orlando*, 553 F.3d 1235, 1238 (9th Cir. 2009).

**AFFIRMED**.

---

"purely one of law" and "the government, which has fully briefed the issue, suffers no prejudice," "[w]e therefore apply de novo review." *Id.* at 1037–38.