**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2363 |
| Plaintiff - Appellee, | D.C. No. 2:19-cr-00240-KJD-VCF-1 |
| v. | |
| JAYSON MICHAEL BABBITT, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted July 16, 2024**

Before:    SCHROEDER, VANDYKE, and KOH, Circuit Judges.

Jayson Michael Babbitt appeals from the district court's judgment and

challenges the 39-month sentence and $5,000 fine imposed following his guilty-

plea conviction for various firearm offenses.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Babbitt first contends that the district court procedurally erred by not providing an adequate explanation for the fine imposed. Contrary to Babbitt's assertion, we review this claim for plain error because Babbitt did not object to the court's explanation below. *See United States v. Hernandez-Arias*, 757 F.3d 874, 884 (9th Cir. 2014). The district court did not plainly err. The court explained that Babbitt's "financial circumstances and potential" supported the fine, which the court agreed should not be collected until Babbitt was released from prison. The court was not required to list the sentencing factors, and its explanation permits meaningful appellate review. *See United States v. Orlando*, 553 F.3d 1235, 1239-40 (9th Cir. 2009). To the extent Babbit also challenges the substantive reasonableness of the fine,[1] we conclude the district court did not abuse its discretion in imposing the below-Guidelines fine. *See id*.

Babbitt next contends that his 39-month sentence is substantively unreasonable because the district court disregarded his low risk of recidivism and other mitigating factors and overemphasized the need for deterrence. The record shows, however, that the court was aware of Babbitt's mitigating arguments—including the low likelihood that Babbitt would commit similar offenses again—

---

[1] Babbitt's suggestion that the government waived any argument as to the fine by mischaracterizing his claim as a substantive challenge is unavailing. The government addressed both the adequacy of the district court's explanation and the reasonableness of the fine in its brief.

and imposed the below-Guidelines sentence to account for them. In light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense, the court did not abuse its discretion by declining to impose an even greater downward variance. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Finally, contrary to Babbitt's argument, the district court did not impose the sentence based on speculative facts concerning drug cartels in Mexico, but rather, observed that the offense was more serious because Babbitt was aware that the guns he sold were purportedly going to be sent to Mexico.

**AFFIRMED**.