**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> EDWARD BUCK, <br><br> Defendant-Appellant. | No.  22-50091 <br> 22-50136 <br><br> D.C. No. <br> 2:19-cr-00595-CAS-1 <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted October 7, 2024[**]
Pasadena, California

Before:  PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

Edward Buck appeals his convictions after a jury trial for distribution of methamphetamine resulting in two deaths, maintaining a drug-involved premises, and inducing two individuals into interstate prostitution.  He also appeals his sentence of thirty years in prison and a $200,000 fine.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Buck raises a Fourth Amendment challenge to a deputy's warrantless entry into his apartment and her seizure of drug evidence. We review de novo the denial of a motion to suppress, but we review underlying factual findings for clear error. *United States v. Iwai*, 930 F.3d 1141, 1144 (9th Cir. 2019). The district court did not err in finding that the deputy's warrantless entry was authorized by implied consent because Buck had called authorities to report that one of the victims had suffered a medical emergency. *See Pavao v. Pagay*, 307 F.3d 915, 920-21 (9th Cir. 2002). The district court also did not clearly err in finding that the deputy's warrantless seizure of drug evidence visible to her in Buck's toolchest was authorized under the plain view doctrine, which allows seizure of "any evidence that is in plain view during the course of [an officer's] legitimate emergency activities." *Mincey v. Arizona*, 437 U.S. 385, 393 (1978) (citing *Michigan v. Tyler*, 436 U.S. 499, 509-10 (1978)).

2. Buck also asserts the district court violated the Sixth Amendment's Confrontation Clause by restricting cross-examination of the deputy who seized the drugs at trial. We review de novo Confrontation Clause challenges to a district court's limitation of cross-examination. *United States v. Singh*, 995 F.3d 1069, 1080 (9th Cir. 2021). In evaluating whether a restriction of cross-examination violated the Confrontation Clause, we apply the factors addressed in *Singh*, 995 F.3d at 1080. Although cross-examination of the deputy on whether the drug

2

evidence was in plain view was conceivably relevant to her credibility, the district court's decision to avoid relitigating the suppression issue and confusing the jury was reasonable. The jury was provided sufficient information to assess the deputy's credibility, and it was unlikely that the proposed cross-examination would have provided the jury with a "significantly different" impression. *See United States v. Larson*, 495 F.3d 1094, 1106 (9th Cir. 2007). Even if the restriction on cross-examination violated the Confrontation Clause, the error was likely harmless beyond a reasonable doubt. *See id.* at 1107 (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986)).

3. Buck next contends that the evidence was insufficient to support the convictions. We review de novo the sufficiency of the evidence, *United States v. Boam*, 69 F.4th 601, 606 (9th Cir. 2023) (citing *United States v. Gonzalez*, 528 F.3d 1207, 1211 (9th Cir. 2008)), and find each conviction supported by sufficient evidence. First, as to Buck's convictions for distribution of methamphetamine causing the deaths of two individuals, G.M. and T.D., sufficient evidence was presented to the jury to support the conclusion that but for methamphetamine use, the two would not have died. *See Burrage v. United States*, 571 U.S. 204, 218-19 (2014); 21 U.S.C. § 841(b)(1)(C) (2018). When presented with "competing views" as to how G.M. and T.D. died, the jury was entitled to believe the government's medical experts. *See Cavazos v. Smith*, 565 U.S. 1, 6-7 (2011).

3

Second, a conviction for maintaining a drug-involved premises may be premised on "drug activity involving consumption or use by numbers of non-resident individuals occur[ring] in the home." *United States v. Shetler*, 665 F.3d 1150, 1163 (9th Cir. 2011); *see also* 21 U.S.C. § 856(a)(1). Ample evidence in the record establishes that Buck regularly distributed methamphetamine to non-residents at his apartment for use. Third, to sustain a conviction for inducement into interstate prostitution, the defendant must have "convinced or influenced [an individual] to actually undergo the journey, or made the possibility more appealing." *United States v. Rashkovski*, 301 F.3d 1133, 1137 (9th Cir. 2002); *see also* 18 U.S.C. § 2422(a). Evidence that Buck "offered to make and pay for the necessary travel arrangements" is sufficient to sustain the conviction. *Rashkovski*, 301 F.3d at 1137.

4. The district court did not abuse its discretion by admitting evidence of other uncharged acts. Witness testimony, pictures, and videos admitted at trial were relevant to prove motive and modus operandi as permitted under Federal Rule of Evidence 404(b). *See United States v. Cherer*, 513 F.3d 1150, 1157-58 (9th Cir. 2008). The evidence was also directly relevant to the charges for distribution of methamphetamine resulting in the deaths of G.M. and T.D. because it showed a pattern of drug consumption at Buck's apartment. The district court did not abuse its discretion in finding that the probative value of the relevant

evidence was not substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

5. The government's reference to "testimony from just a small sample of some of the defendant's victims" during closing argument did not deny Buck a fair trial. Because Buck did not contemporaneously object, we review his challenge for plain error. *See United States v. Ruiz*, 710 F.3d 1077, 1082 (9th Cir. 2013). Under plain error review, we will reverse a conviction "only if the government's statements were improper and the statements resulted in substantial prejudice." *Id.* at 1084. Even assuming that the statement invited the jury's speculation about other victims, there is no "reasonable probability that it rendered the trial fundamentally unfair." *Ford v. Peery*, 999 F.3d 1214, 1224 (9th Cir. 2021) (quoting *Deck v. Jenkins*, 814 F.3d 954, 985 (9th Cir. 2016)).

6. The district court did not abuse its discretion by imposing a sentence of thirty years, which was below the recommended Sentencing Guidelines range. *See United States v. Kabir*, 51 F.4th 820, 829 (9th Cir. 2022) (finding that "a below-Guidelines sentence is suggestive of its reasonableness"). Lastly, the district court's imposition of a $200,000 fine after considering the severity of the crime and Buck's ability to pay was reasonable. *See United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009).

**AFFIRMED.**

5