NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN RUSSELL BELLHOUSE,

Defendant - Appellant.

No. 23-3996

D.C. No.
4:22-cr-00066-YGR-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted February 13, 2026
San Francisco, California

Before: MURGUIA, Chief Judge, and S.R. THOMAS and MILLER, Circuit
Judges.

John Bellhouse ("Defendant") was convicted by a jury of two counts of sexual

abuse of a ward, 18 U.S.C. § 2243(b), and three counts of abusive sexual contact,

18 U.S.C. § 2244(a)(4), for his receipt of oral sex and his sexual touching of two

inmates in an all-female federal correctional institution.  Defendant was sentenced

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

to sixty-three months of incarceration and five years of supervised release and ordered to pay $25,000 under the Justice for Victims of Trafficking Act. Defendant now appeals his conviction and associated sentence.

Defendant argues on appeal that the district court abused its discretion when it: (1) allowed the Government to introduce at trial the uncharged sexual-act testimony of the two victims and three other witnesses pursuant to Federal Rules of Evidence ("Rule") 403 and 413; and (2) failed to fully and properly instruct the jury on how to consider the uncharged-act testimony of four of the five women who testified as to uncharged acts. Defendant further argues on appeal that the district court clearly erred when it: (1) applied the vulnerable victim enhancement under U.S. Sentencing Guidelines § 3A1.1(b)(1) as to one of the victims; and (2) found Defendant non-indigent and applied a special assessment under the Justice for Victims of Trafficking Act, 18 U.S.C. § 3014. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. Reviewing for abuse of discretion, we affirm the district court's admission of the evidence of uncharged sexual acts. *See United States v. Schales*, 546 F.3d 965, 976 (9th Cir. 2008).

Rule 413 states that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." Fed. R. Evid. 413(a). Rule 413 evidence remains subject to the

limitations of Rule 403. *United States v. Redlightning*, 624 F.3d 1090, 1119–20 (9th Cir. 2010). To determine whether to admit evidence of a defendant's prior acts of sexual misconduct, district courts must evaluate the following factors (the "*LeMay* factors"): "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." *United States v. LeMay*, 260 F.3d 1018, 1027–28 (9th Cir. 2001) (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000)) (internal quotation marks omitted).

We conclude that the district court properly evaluated the proposed testimony under Rule 403 and the *LeMay* factors, and thus did not abuse its discretion in admitting the evidence of the uncharged sexual acts. The district court found "that the uncharged sexual conduct was similar to the other acts charged, close in time, frequent, and necessary corroboration given the lack of physical evidence in the case." "Prior acts evidence need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or *practically necessary.*" *LeMay*, 260 F.3d at 1029. Here, the testimony of the victims and other inmates regarding Defendant's uncharged sexual acts was practically necessary. As the district court explained, the case would "largely boil down to who the jury believes, a federal officer or incarcerated felons . . . . [so] the uncharged sexual abuse is more

3                                                                                    23-3996

probative than cumulative."

To the extent that some of the uncharged acts were noticed late, the district court did not abuse its discretion by admitting them, both because there was good cause for the late notice and because admission of the evidence was not prejudicial given how much time remained before trial. *See* Fed. R. Evid. 413(b) (permitting a court to admit evidence noticed after the 15-day pretrial deadline when "good cause" exists for the late disclosure); *see also United States v. Mohamud*, 843 F.3d 420, 436–37 (9th Cir. 2016) (holding that the district court did not err in admitting evidence obtained pursuant to the Foreign Intelligence Surveillance Act that was noticed late because late disclosure was not prejudicial).

2. Reviewing for abuse of discretion, we affirm the district court's jury instructions as to the uncharged-acts testimony. *See United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014).

Defendant argues that the jury was not properly instructed on how to consider the uncharged-acts testimony of four of the five witnesses because the district court did not provide the limiting jury instruction before each of the women's testimony and named only one of the five women as having provided uncharged-acts testimony in the final jury instruction. However, the district court carefully instructed the jury "as to the limited purpose for which the evidence [was] admitted." *See United States v. Sangrey*, 586 F.2d 1312, 1314 (9th Cir. 1978). Before two of the witnesses

testified as to uncharged sexual acts, the district court gave Ninth Circuit Model Instruction 2.11 regarding the introduction of evidence that a defendant may have committed a similar offense of sexual assault. Although the district court did not give a similar instruction before or during the testimony of the two victims and the third witness, the district court did direct the jurors in the final jury instructions to determine only whether Defendant was guilty or not guilty of the charges in the indictment, and not the other uncharged sexual conduct.

The court presumes that the jury followed the district court's limiting instruction. *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). Based on this record, the district court did not abuse its discretion.

3. Reviewing for abuse of discretion, we affirm the district court's application of the vulnerable victim enhancement under U.S. Sentencing Guidelines § 3A1.1(b)(1). *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017).

A vulnerable victim is a person "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.* at cmt. n.2. At the sentencing hearing, the district court found that it was appropriate to apply the vulnerable victim enhancement to one of the victims because the victim had limited English and was an undocumented immigrant. The district court, after completion of trial, concluded based on the

testimony of the victim and the victim's friend that: (1) undocumented inmates were treated differently, (2) they were particularly concerned about their immigration status, and (3) Defendant knew or should have known that. The district court gave sound reasoning for its determination. *See United States v. Mendoza*, 262 F.3d 957, 962 (9th Cir. 2001) (upholding a vulnerable victim sentencing enhancement where the defendant knew or should have known about the victims' language limitations because the defendant knew the victims personally). Based on these facts, the district court did not abuse its discretion in applying the vulnerable victim enhancement.

4. Finally, the district court did not clearly err in finding Defendant non-indigent and applying a special assessment under the Justice for Victims of Trafficking Act ("JVTA"), 18 U.S.C. § 3014. *See United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009) ("A district court's finding of whether a defendant is able to pay the fine [under U.S. Federal Sentencing Guidelines § 5E1.2(a)] is reviewed for clear error." (citation omitted)).

The JVTA requires district courts to "assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under . . . (2) chapter 109A (relating to sexual abuse)." 18 U.S.C. § 3014(a). The defendant bears the burden of proving he is indigent, or unable to pay the fine. *Orlando*, 553 F.3d at 1240. Here, the district court did not commit clear error by concluding that Defendant was not

indigent because, based on the record before the court, Defendant had a current ability to pay the assessed amount.

**AFFIRMED.**