**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

  v.

NENA HELENE SIEMENS, FKA Nena
Susanne Kruger, AKA Nena Susanne
Siemens,

             Defendant - Appellant.

No. 24-1482

D.C. No.
6:22-cr-00004-BMM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted April 2, 2025[**]
Portland, Oregon

Before: BYBEE, LEE, and FORREST, Circuit Judges.

Following a four-day jury trial, Defendant-Appellant Nena Helene Siemens

was convicted of defrauding the Government in her applications for Government

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

benefits. She was sentenced to three years of probation and ordered to pay $3,190 in restitution, a $7,500 fine, and a $300 assessment. On appeal, Siemens challenges her conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      ***Credit Card Evidence.*** Siemens argues the district court improperly admitted her credit card applications and statements into evidence under Federal Rule of Evidence 403. We generally review a district court's evidentiary rulings for abuse of discretion. *United States v. Boulware*, 384 F.3d 794, 800−01 (9th Cir. 2004). However, where no objection was made at trial, we review for plain error. *United States v. Hardy*, 289 F.3d 608, 612 (9th Cir. 2002).

While Siemens objected to the credit card evidence at trial, she did so on different grounds than she argues on appeal. Because "a party fails to preserve an evidentiary issue for appeal not only by failing to make a specific objection, but also by making the *wrong* specific objection," we review admission of this evidence for plain error. *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990) (citations omitted). And we conclude that the district court properly admitted the evidence because it was probative to show other potential sources of income that Siemens failed to disclose to the State in her benefit applications, and because its probative value was not substantially outweighed by its prejudicial effect.

2.    ***Jury Instructions.*** Siemens contends the district court erred when it failed to provide a specific definition of "knowingly" within its instructions on Counts 1 and 2. We generally review jury instruction challenges de novo. *Hunter v. County of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011). Again, however, where no objection is made at trial, we review for plain error. *United States v. Dipentino*, 242 F.3d 1090, 1094 (9th Cir. 2001).

Because Siemens did not object to the jury instructions at trial on the same grounds that she raises on appeal, we review her jury-instructions challenge for plain error. *See United States v. Peterson*, 538 F.3d 1064, 1071 (9th Cir. 2008) (To preserve an objection to the jury instructions on appeal, a party "must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." (citation omitted)). We conclude that the district court did not commit plain error because the instructions adequately addressed each element of the offense and Siemens has not alleged how she was prejudiced by the district court's decision not to provide duplicate definitions of "knowingly." *See United States v. Chambers*, 918 F.2d. 1455, 1460 (9th Cir. 1990) (concluding the district court did not plainly err when it chose not to define "knowingly" because it "is a common word which an average juror can understand and which the average juror could have applied to the facts of this case without difficulty").

3. ***Monetary Penalties.*** Finally, Siemens argues the district court erroneously imposed a $7,500 fine in addition to restitution. "Under the advisory Guidelines, a court may impose a fine 'in all cases, except where the defendant establishes that [s]he is unable to pay and is not likely to become able to pay any fine.'" *United States v. Orlando*, 553 F.3d 1235, 1239 (9th Cir. 2009) (citation omitted). "The defendant bears the burden of proving [s]he is unable to pay the fine" and a "district court's finding of whether a defendant is able to pay the fine is reviewed for clear error." *Id.* at 1240.

While the district court acknowledged that Siemens's financial information is "very complicated," partly because she "resisted" disclosing her financial information to Probation, it ultimately determined that Siemens could pay a fine given the potential sale of her property and other assets. Because "the court may fine a currently indigent defendant, if it finds that [s]he has earning capacity to pay the fine in the future," we conclude the district court did not clearly err in imposing a fine. *See id.* (upholding the district court's imposition of a fine when the defendant failed to disclose financial information to the Probation Office, the underlying crime involved large sums of money, and the defendant had a long history of major financial misrepresentation) (citations omitted).

**AFFIRMED.**